IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1996 SESSION

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9510-CC-00305 |
| Appellee, | * | SULLIVAN COUNTY |
| VS. | * | Honorable R. Jerry Beck, Judge |
| BRIAN K. COLLINS, | * | (Violation of Habitual Traffic Offender Order, Evading Arrest, Violation |
| Appellant. | * | of Registration) |

For Appellant:

Gale Flanary
Assistant Public Defender
Office of the Public Defender
P.O. Box 839
Blountville, TN 37617

For Appellee:

Charles W. Burson
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

Nancy Harr
Assistant District Attorney General
Second Judicial District
P.O. Box 526
Blountville, TN 37617

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Brian K. Collins, was convicted of violating a habitual traffic offender order, violation of registration, and evading arrest. He was sentenced as a range one offender to two years for violating the order, thirty days for violation of registration, and eleven months and twenty nine days for evading arrest, all to be served concurrently. This is his appeal of right.

In addition to his challenge to the sufficiency of the evidence, the defendant claims that the trial court erred by allowing the jury to view the habitual traffic offender civil judgment and asserts that he should have been granted an alternative sentence. We find no error and affirm.

On July 8, 1994, the defendant was declared a habitual traffic offender. The judgment prohibited the defendant from driving until his license was restored according to the procedure outlined in the governing statute. The particulars of the judgment were included on a standard form; the three previous traffic offenses were typed on the bottom of the first page. One of the predicate offenses was for driving without a license. The other two were for driving on a suspended license.

During the course of the trial on the present charges, the state introduced a copy of the habitual traffic offender judgment through the court clerk. The defendant offered no objection. When the state sought to pass the judgment to the jury, however, the defense objected because reference to the underlying convictions appeared on the face of the order.

After a bench conference, the trial judge found that the entire judgment was an essential element of proof required for conviction. Thus, the objection was

2

overruled.  In its cross-examination of the court clerk, the defense engaged  in the following exchange:

> Q:     Have you examined the judgment, the front part of the judgment?
>
> A:     Yes, I have.
>
> Q:     And I believe the alleged violations on the front part of the judgment which the jury is looking at now, are predicating the habitual offender order prohibiting the defendant from driving; it is on the basis of a no driver's license conviction, and what, two counts of driving on a suspended license.
>
> A:     I believe that's correct.

Other evidence established that a Sullivan County Deputy had observed two cars driven in the same direction at excessive speeds.  Neither car stopped when the officer turned on his blue lights.  The first car, driven by Monica Rhea, eventually turned into a driveway.  The second car, directly behind, also turned.  The officer then observed the defendant flee from the second car.

The defendant argues that there was insufficient evidence for a rational trier of fact to have concluded beyond a reasonable doubt that he was the driver of the vehicle; he contends, therefore, that each conviction should be set aside.  The argument is based upon the testimony of the defendant's sister, Wanda Collins,  who claimed that the defendant was at her residence at the time of the offense.  The defendant also challenged the recall of Sullivan County Deputy, Gary Medlin, contending that he had forgotten important, collateral events at the time of the offense.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  The credibility of the

3

witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as triers of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983), cert. denied, 465 U.S. 1073 (1984); Tenn. R. App. P. 13(e).

Officer Medlin testified that he recognized the defendant when he jumped out of the driver's side of the brown Oldsmobile. Other witnesses testified that Monica Rhea, the driver of the first car, was the defendant's girlfriend. Her mother, Deborah Rhea, testified that the defendant drove the brown Oldsmobile which had been parked in her driveway. Taken together, these circumstances were sufficient for the jury to have concluded, beyond a reasonable doubt, that the defendant was driving the car.

Next, the defendant claims that the trial court erroneously allowed the jury to observe the three traffic violations upon which the habitual traffic offender judgment was based. The defendant was indicted for violating Tenn. Code. Ann. § 55-10-616, driving while restriction in effect, a class E felony:

> (a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect.

Establishing an existing judgment against the defendant was an essential element that the state needed to prove beyond a reasonable doubt. The trial court determined that the probative value of the evidence appearing on the face of the judgment exceeded any prejudicial effect. The defense neither objected to

the admission of the judgment into evidence nor offered in substitution thereof a stipulation that he had been prohibited from driving by the prior court order. Evidence was admitted, contemporaneous to the judgment, that the defendant had prior traffic violations. That the jury could have determined the particular nature of the underlying convictions was not, in our view, prejudicial error.

Next, the defendant claims that he should have been granted probation or community corrections. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-40l(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d l66, l69 (Tenn. l99l); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (l) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-l02, -l03, and -2l0; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. l987).

In calculating the sentence for a felony conviction, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating

factors. Tenn. Code Ann. § 40-35-210(c). But see 1995 Tenn. Pub. Acts ch. 493 (amending the statute for offenses occurring on or after July 1, 1995, to make the presumptive sentence in a Class A felony the midpoint in the range). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b). The sentencing range for a Class E felony Range I offender is not less than one nor more than two years.

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978), cert. denied, 439 U.S. 1077 (1979).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code

6

Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987).

> The following offenders are eligible for Community Corrections:
>
> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

The defendant maintains that the trial court erred by denying an alternative sentence. In Ashby, however, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. See State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be

bottomed upon its own facts." <u>State v. Taylor</u>, 744 S.W.2d at 922.  Thus there is a sound basis for the presumptive correctness standard of appellate review:

> It is not the policy or purpose of this Court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers.

<u>State v. Ashby</u>, 823 S.W.2d at 171.

After a review of the presentence report, the trial court concluded that the defendant, at age twenty-three, had been convicted of numerous misdemeanor charges over a five year period.  Many of these convictions resulted in suspended sentences.  The court also determined that the defendant had failed to benefit from leniency he had been granted in the prior sentences.

At trial, defense counsel conceded that the defendant was not eligible for probation or community corrections.  Although the defendant had no other felony convictions, he had several prior convictions for driving on a suspended license. While the defendant might have technically qualified under the Act, the trial court, in our view, had a sound basis for the denial of any kind of alternative sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____

8

Paul G. Summers, Judge