IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1997 SESSION

**FILED**

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9604-CC-00139 |
| Appellee, | * | GILES COUNTY |
| VS. | * | Hon. Jim T. Hamilton, Judge |
| RICKEY COLEMAN, | * | (theft (3 counts); attempted forgery (3 counts); forgery (16 counts); passing |
| Appellant. | * | worthless checks (16 counts); assault (1 count)) |
| | * | |

For Appellant:                                    For Appellee:

Shara Flacy                                         Charles W. Burson
District Public Defender                       Attorney General & Reporter

John R. Wingo                                     Karen M. Yacuzzo
Assistant Public Defender                   Assistant Attorney General
128 North Second Street                     Criminal Justice Division
P.O. Box 1208                                    450 James Robertson Parkway
Pulaski, TN  38478                             Nashville, TN  37243-0493

                                                         Mike Bottoms
                                                         District Attorney General
                                                         252 N. Military Avenue
                                                         Lawrenceburg, TN  38464

                                                         Richard Dunavant
                                                         Asst. District Attorney General
                                                         10 Public Square
                                                         P.O. Box 1619
                                                         Columbia, TN  38401

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Rickey Coleman,[1] pled nolo contendere to 16 counts of forgery, 16 counts of passing worthless checks, 3 counts of theft, 3 counts of attempted forgery, and 1 count of assault. The plea agreement with the state provided for an effective eight-year sentence with the trial court to determine the manner of service.

In this appeal of right, the defendant claims that the trial court erred by denying any form of alternative sentencing. We find no error and affirm the judgment of the trial court.

The record contains little information about the offenses. All appear to have been committed in July, August, and October of 1994. The indictments suggest that two of the offenses were for theft of checks for less than $500. The third offense is based on a theft of over $1000 in property from Mary Simington. The assault conviction was the result of the defendant's enticing a victim to drink a cup of bleach over ice. The remaining offenses involved the defendant's drawing checks on the accounts of others.

The presentence report shows that the defendant had been granted probation on earlier offenses. He was convicted of aggravated assault in 1992 and received an eleven months, twenty-nine days sentence on probation. In March of 1994, only months before these offenses, the defendant was convicted of theft and sentenced to eleven months, twenty-nine days on probation. The presentence report also indicates that after the defendant was arrested on August 10, 1994, and

---

[1]While some pleadings refer to the defendant as "Ricky Orlando Coleman," it is the policy of this court to refer to the defendant as his name appears on the indictment.

released from custody, he wrote five additional fraudulent checks on August 12, 1994.[2]

The defendant, twenty years of age at the time of sentencing, has completed eleventh grade. His work history is limited. Three of his employers reported poor performance or absenteeism.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

---

[2]On November 8, 1994, the defendant pled guilty to misdemeanor theft. The report shows that on September 26, 1995, only weeks before sentencing in this case, the defendant entered guilty pleas to theft of property, attempted theft of property, and false reports. On April 11, 1995, he pled guilty to misdemeanor theft. On February 14, 1995, he pled guilty to criminal trespassing. Because we cannot determine when the crimes were committed, we have not considered them in our review.

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn.1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App.1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses;  and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case.  State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).  "[E]ach case must be bottomed upon its own facts."  Taylor, 744 S.W.2d at 922.

In denying alternative sentencing, the trial court observed the defendant's "past record [was] horrendous," and that "the number of criminal offenses that are represented by these indictments" was unusually large.  Thus, due regard was given to the defendant's prior record and the seriousness of his offenses.  In our view, the defendant has failed to overcome the presumptive correctness of the ruling in the trial court.  See Tenn. Code Ann. § 40-35-401(d). His prior record fully warranted the denial of an alternate sentence.  See Tenn. Code Ann. § 40-35-103(1)(A).

Due in great measure to the criminal history of the defendant and his failure to rehabilitate despite previous terms of probation, we yield to the discretionary authority of the trial court.  The defendant has previously received the

5

largesse of the law by being given post-plea diversion and probation.  In spite of this, the defendant has continued to violate the law.  "Measures less restrictive than confinement have ... recently been applied unsuccessfully to the defendant."  Tenn. Code Ann. § 40-35-103(1)(C).  His behavior indicates a blatant disregard for the laws of our society.  A period of confinement is necessary to protect society from the defendant's propensity to violate the law.

Accordingly, the judgment of the trial court is affirmed.

_____

Gary R. Wade, Judge

CONCUR:


_____

David G. Hayes, Judge


_____

Curwood Witt, Judge