IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION


**FILED**

**January 12, 1998**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9611-CR-00436 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Joseph B. Dailey , Judge |
| JOHN W. THOMAS, | * | (Motor Vehicle Habitual Offense) |
| Appellant. | * | |

For Appellant:

Walker Gwinn
Assistant Public Defender
201 Poplar Avenue, Suite 2-01
Memphis, TN  38103
(on appeal)

J.T. Harris
Assistant Public Defender
201 Poplar Avenue, Suite 2-01
Memphis, TN  38103
(at sentencing hearing)

Of Counsel:

A.C. Wharton, Jr.
Shelby County Public Defender

For Appellee:

John Knox Walkup
Attorney General and Reporter

Kenneth W. Rucker
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Terrell L. Harris
Assistant District Attorney General
Criminal Justice Complex
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, John W. Thomas, pled guilty to two separate violations of the order declaring him a motor vehicle habitual offender. The trial court imposed concurrent, Range III sentences of five years for each of the two Class E felonies; the workhouse sentence is to be served in the Shelby County Corrections Center.

In this appeal of right, the defendant complains that the trial court should have granted placement in a Community Corrections program. We find no error and affirm the judgment of the trial court.

On May 8, 1995, the defendant was barred from operating his automobile under the provisions of the Motor Vehicle Habitual Offenders Act. See Tenn. Code Ann. § 55-10-616. While the order prohibiting operation of the vehicle was in effect, the defendant continued to drive. Indicted for incidents occurring on July 13 and July 25, 1995, the defendant waived his right to a trial by jury and entered pleas of guilt on each charge.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at

2

the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as

3

provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Here, the defendant meets the threshold qualifications for both probation and Community Corrections. He contends that the trial court failed to set forth specific findings of fact in denying an alternative sentence. The state concedes that the rulings were less than adequate. The 1989 Act does provide that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). While we acknowledge that the trial judge should comply with the provisions of § 40-35-209(c), we are nonetheless able to conclude from our de novo review that the record is adequate to support the denial of an alternative sentence under the Community Corrections Act.

The defendant, thirty-three years of age, is single and resides in Memphis with his girlfriend, Deardra Barry, and her two children. He provides some support. Described as a valuable employee, he is employed by Jones Brothers Tree and Landscape Company where, except for a five-month period, he has been employed since May 27, 1994. The defendant acknowledges a history of substance

abuse, including cocaine usage during the 1980's and an alcohol addiction for the last several years. At the time of the sentencing hearing, he attended a school for alcoholics. From all appearances, neither of the violations of the order prohibiting driving involved the use of alcohol. The defendant acknowledges an "extensive prior criminal record" over the last ten years, much of which is alcohol or driving related. His other offenses, however, include selling a controlled substance, petit larceny, assault and battery, attempt to commit a felony, robbery, burglary, and inhaling toxic vapors. The trial court denied the petition based upon the defendant's prior criminal history. The trial judge was particularly distressed that the defendant had continued to drive after his arrest on the first charge.

The defendant has established himself as a valuable, dependable employee. The record demonstrates that he has undertaken some treatment for his addiction to alcohol. While serious violations of a court order, the current offenses are of a non-violent nature. He is supportive of his girlfriend and her children. All of these things are favorable indicators for a placement in a Community Corrections program. On the other hand, the defendant's prior criminal history cannot be described as anything other than extensive. His past includes both felonies and misdemeanors and several instances of incarceration. Predicate offenses were required before the defendant qualified as a motor vehicle habitual offender. Within a period of two weeks, the defendant was discovered violating a court order prohibiting the operation of an automobile on two separate occasions.

A sentence of confinement is often necessary to protect society by restraining the defendant who has a long history of criminal activity or is necessary to avoid depreciating the seriousness of the offenses. Tenn. Code Ann. § 40-35-103(1)(A), (B). Corrective measures less restrictive than incarceration have not

5

been successful for the defendant.  Tenn. Code Ann. § 40-35-103(1)(C).  Because the defendant pled guilty as a Range III offender, he is not entitled to the statutory presumption that he is a favorable candidate for alternative sentencing.  State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); Tenn. Code Ann. § 40-35-102(6).  Nonetheless, the defendant has demonstrated some potential for rehabilitation and treatment; the trial court has left open the possibility of some form of alternative sentence by denying the petition for Community Corrections "at least at this point."  While the defendant has made a compelling argument that he should qualify for the program, "it is not the policy or purpose of this court to place trial judges in a judicial [strait jacket on matters of sentencing]."  Ashby, 823 S.W.2d at 171.  Sentencing must require an individualized, case-by-case approach.  State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).  That necessarily embodies the exercise of discretion at the trial court level.  See State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).  Although a reasonably close issue, the better alternative, in our view, is to defer to the determination of the trial court.  The record supports the conclusion reached.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Joe G. Riley, Judge

6