IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION



**FILED**

**March 31, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9704-CR-00158 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Bernie Weinman, Judge |
| THOMAS L. MATTHEWS, | * | (Possession of a Controlled Substance |
| Appellant. | * | With Intent to Sell and Deliver) |

For Appellant:

Marvin Ballin
200 Jefferson Avenue, Suite 1250
Memphis, TN  38103

For Appellee:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Paul Goodman
Assistant District Attorney General
201 Poplar Street, Suite 301
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Thomas L. Matthews, pled guilty to one count of unlawful possession of a controlled substance with intent to sell. Tenn. Code Ann. § 39-17-417. The plea agreement included a Range II sentence of six years with the trial court to determine the manner of service. The trial court ordered service of the sentence in the county workhouse. In this appeal of right, the defendant claims the court erred by denying Community Corrections.

We affirm the judgment of the trial court.

On March 15, 1996, a search warrant was issued for a property located at 1190 Greenwood in Shelby County. The defendant, who was present at the time of the search, was found in possession of six and one-half grams of cocaine.

At the sentencing hearing, the defendant, fifty-eight years old, testified that he became "heavily involved" in the drug business about eight to ten years ago. He admitted having prior convictions for drug offenses and for violating his terms of parole. The presentence report confirms at least four prior drug-related convictions and two parole violations, the most recent in 1994, only two years before this offense.

The defendant completed eighth grade. He worked for a barber for over fifteen years and, for several years thereafter, was self-employed in the real estate business. At the time of this drug offense, he was an assistant in a paint business.

2

The defendant testified that he suffers from sickle cell disease, which causes aching in the bones, joints, and muscles. He has high blood pressure and an ulcer. The defendant asked for an alternative sentence because of his "special needs," insisting he could get his life on the right track. He explained that a series of bad events had led him into trafficking illegal drugs.

When a challenge is made to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a "de novo review ... with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210.

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978). The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

In State v. Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d 166, 171 (Tenn. 1991). See State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." Taylor, 744 S.W.2d at 922. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

In denying Community Corrections, the trial court observed, "I don't believe that the legislature intended for someone with your record to ... be out on the streets." We agree. Initially, there is no presumption in favor of alternative sentencing for a Range II offender. Tenn. Code Ann. § 40-35-102(6). That the defendant has continued to commit drug offenses "indicates a lack of potential for ... rehabilitation." Tenn. Code Ann. § 40-35-103(5). That the defendant had at least two violations of the conditions of parole indicates "[m]easures less restrictive than confinement have ... unsuccessfully" been applied to him. Tenn. Code Ann. § 40-35-103(1)(C).

The defendant contends the trial court did not give due consideration to his ill health. That a person is in "ill health" and requires "constant medical attention" may be a factor in support of the grant of an alternative sentence. Ashby, 823 S.W.2d at 170. The defendant did not, however, offer any proof showing his condition could not be treated in the prison facility or that it required "constant medical attention."

Accordingly, the judgment of the trial court is affirmed.

5

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge



_____
Jerry L. Smith, Judge