IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1998 SESSION

FILED

February 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9710-CC-00446 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| MARTY THATCHER, | * | (Aggravated Assault) |
| Appellant. | * | |

For Appellant:

Gregory D. Smith
Contract Appellate Defender
One Public Square, Ste. 321
Clarksville, TN  37040

Shawn Graham
Assistant Public Defender
419 High Street
Maryville, TN 37804

For Appellee:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
Criminal Justice Division
2d Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243-0493

Tammy Harrington
Assistant District Attorney General
363 Court Street
Maryville, TN  37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Marty Thatcher, was convicted in a bench trial of aggravated assault. The trial court imposed a Range I, four-year sentence, suspended after service of seven months in the county jail, and declared the defendant eligible for work release. The issues on appeal are whether the trial court erred by ordering the defendant to serve a portion of his term in custody or erred by denying community corrections. We find no error and affirm the judgment of the trial court.

On January 1, 1997, the victim, Fred Carson, was outside his residence visiting with a friend when the defendant appeared carrying a shotgun. An argument ensued and the defendant aimed his shotgun at the top of the victim's foot, placed his hand on the trigger, and threatened to shoot off the foot of the victim.

At the sentencing hearing, the defendant, thirty-nine years old and employed as a concrete finisher, testified that he had experienced a lengthy term of unemployment and acknowledged having a serious drinking problem. He stated that he began drinking when he was nine years old and typically consumed a twelve-pack per day. While confirming that he had never received any type of treatment, the defendant conceded that he had forty-six prior convictions for public intoxication and one prior conviction for disorderly conduct. The defendant had served thirty days in the Blount County jail for one of the public intoxication convictions.

In imposing the sentence, the trial judge stated as follows:

A four-year sentence is imposed. ... You will be
sentenced to split confinement of seven months in the

2

jail, and the balance on intensive probation. And that will begin with inpatient drug and alcohol treatment, and then outpatient treatment will be a condition of your probation after you complete the inpatient program. ... You will be eligible for work release while you're in jail. ... I think without a felony history that he is an appropriate person for an alternative sentence. ... But I do think that the seriousness of this offense would be greatly depreciated if he did not serve a pretty significant time in the jail. Guns and alcohol [are] not a good mixture. ... His chances of rehabilitation ... are very poor, if he doesn't get alcohol treatment.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record,

3

social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b). The ultimate burden of establishing suitability for probation, however, is still upon the defendant. Tenn. Code Ann. § 40-35-303(b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). In the words of the late Judge Joe B. Jones, "[e]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App 1987).

In our view, the defendant's prior record suggests that a term of incarceration is entirely appropriate. While his prior criminal behavior appears to be the product of alcoholism, the defendant has never sought treatment for his condition. That indicates a lack of amenability to rehabilitation. Moreover, the mixing of alcohol and weapons is a particularly dangerous combination. Grear, 568 S.W.2d at 286. The trial court carefully crafted a sentence that will provide the defendant the opportunity to receive treatment for his alcoholism while allowing him to continue his employment.

The defendant also complains that the trial court did not appropriately

4

consider a community corrections sentence.  The purpose of the Community

Corrections Act of 1985 was to provide an alternative means of punishment for

"selected, nonviolent felony offenders in front-end community based alternatives to

incarceration."  Tenn. Code Ann. § 40-36-103(a).  A community corrections

sentence provides a desired degree of flexibility that may be beneficial to the

defendant yet serve legitimate societal purposes.  State v. Griffith, 787 S.W.2d 340,

342 (Tenn. 1990).  The following offenders are eligible:

> (1) Persons who, without this option, would be
> incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or
> drug/alcohol-related felony offenses or other felony
> offenses not involving crimes against the person as
> provided in title 39, chapter 2 [repealed], parts 1-3 and
> 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony
> offenses;
>
> (4) Persons who are convicted of felony offenses in
> which the use or possession of a weapon was not
> involved;
>
> (5) Persons who do not demonstrate a present or past
> pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of
> committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on
> escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).


Because aggravated assault is a crime against a person, the

defendant is not eligible for community corrections; moreover, the offense also

involved the use of a weapon, another ground for disqualification.  See Tenn. Code

Ann. § 40-36-106(a)(2), (4).  Nor would the defendant qualify for relief under the

"special needs" provision which provides as follows:

> [O]ffenders not otherwise eligible under subsection (a),

5

> and who would be usually considered unfit for probation due to histories of [chronic alcohol problems], but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Tenn. Code Ann. § 40-36-106(b). While the defendant's alcoholism could arguably be considered a "special need," no proof was presented at the sentencing hearing that the defendant's problem is treatable in the community. The statute requires some threshold showing of that fact before the trial court can consider the propriety of a community corrections sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge