# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1999 SESSION

FILED

February 2, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # W1999-00258-CCA-R3-CD |
| Appellee, | * | HARDIN COUNTY |
| VS. | * | Hon. C. Creed McGinley, Judge |
| FREDDIE LEE CUNNINGHAM, | * | (Possession of a Controlled Substance with Intent to Manufacture, Deliver, or Sell) |
| Appellant. | * | |

For Appellant:

Richard W. DeBerry
Assistant District Public Defender
24th Judicial District
117 North Forrest Avenue
Camden, TN 38320

For Appellee:

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

John Overton
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Freddie Lee Cunningham, pled guilty to the possession of more than .5 gram of crack cocaine with the intent to manufacture, deliver, or sell, a Class B felony. Tenn. Code Ann. § 39-17-417(a)(4), (c)(1). The trial court imposed a Range I sentence of eight years to be served in the Department of Correction. Fines totaled $2,000.00.

In this appeal of right, the single issue for review is whether the trial court erred by denying an alternative sentence. We find no error and affirm the judgment of the trial court.

On August 9, 1998, Officer Shane Fisher of the Hardin County Sheriff's Department stopped the vehicle the defendant was driving for a traffic violation. The officer's dog indicated the presence of illegal drugs and a search yielded 39 rocks of crack cocaine weighing approximately .6 gram. Although the record includes the presentence report and a transcript of the guilty plea proceeding, neither the state nor the defense presented any proof at the sentencing hearing.

The defendant argues that the trial court erred by denying an alternative sentence. He claims that he was a suitable candidate for sentencing under the Community Corrections Act of 1985.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn.

Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to an application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). A sentence of split confinement involves the grant of probation after the partial service of a sentence. Tenn. Code Ann. § 40-35-306. It may include a jail or workhouse sentence of up to one year with the probationary term to extend for any period thereafter up to the statutory maximum for the offense. Id.

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Because sentencing requires an individualized, case by case approach, the method of analysis will necessarily embody the exercise of discretion at the trial court level. See Moss, 727 S.W.2d at 235; State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). Thus, there is a sound basis for the presumptive correctness standard of review:

It is not the policy of this Court to place trial judges in a judicial strai[gh]t-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers.

Ashby, 823 S.W.2d at 171.

The presentence report indicates that the defendant was 43 years old at the time of sentencing. Born and reared in Missouri, he moved to Tennessee in 1990. The defendant, who obtained his high school diploma in Missouri, is divorced and has two children. He was employed from 1976 until 1989 as a custodian in an automobile plant in St. Louis. During that time, he spent much of his income on cocaine and ultimately lost his job due to his drug problem. The

4

presence report indicates that the defendant began using illegal drugs at the age of ten and that he often uses drugs on a daily basis. He claims to have entered numerous drug rehabilitation centers and mental health facilities. In 1998, the defendant reportedly spent several months at the state mental health facility in Bolivar. He receives counseling at a local outpatient treatment center in Hardin County. Disability benefits constitute his only source of income. The defendant was convicted in this state for possession of cocaine in 1992 and for possession of marijuana in 1995. In 1992, he was convicted in Florida for possession of marijuana and for the importation of marijuana. The defendant was in violation of the terms of his probation when arrested in Tennessee for the offense in this case.

In denying an alternative sentence, the trial court stated as follows:

> In this case, the court finds that he's got a very significant prior felony: the substantial quantity of marijuana out of Florida. He's got three prior misdemeanor convictions as well. All of them involving the use or possession of some type of drug. In this case, the court finds that the record, particularly the prior felony record, weighs against his eligibility for alternative sentencing as well as the circumstances surrounding this offense; that is, the substantial quantity of drugs that he possessed and his prior record weighs against amenability to any type of rehabilitation. Apparently, he was on some type of probation or escape status during the commission of this offense. So, the court finds that he is not an appropriate candidate for alternative sentencing and he'll serve the eight years DOC.

While an eight-year sentence does not disqualify the defendant from probation, he is not presumed to be a favorable candidate for alternative sentencing because he was convicted of a Class B felony. Tenn. Code Ann. § 40-35-102(6). Confinement is often necessary to protect the public from the conduct of the defendant, to avoid depreciating the seriousness of an offense, to provide a deterrent to others likely to commit a similar offense, or because measures less restrictive have recently or frequently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1). The record here supports the trial court's conclusion that the defendant was not amenable to rehabilitation due to his prior drug-related convictions and the significant amount of cocaine found within his

possession.  Furthermore, the probation violation tends to demonstrate his inability to abide by conditions of release into the community.  Based on these factors, we conclude that the defendant is not a favorable candidate for probation or community-based treatment.  In our view, incarceration is warranted.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John Everett Williams, Judge


_____
Norma McGee Ogle, Judge