**STATE of Tennessee, Appellee,**

v.

**Tony GRIFFITH, Appellant.**

Supreme Court of Tennessee,
at Jackson.

April 2, 1990.

Mark W. Fowler, Public Defender for 27th Judicial Dist., P.C. Mark MacLeod, Asst. Public Defender for 27th Judicial Dist., Union City, for appellant.

Charles Burson, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

OPINION

COOPER, Justice.

In this appeal, the defendant challenges the constitutionality of T.C.A. § 40–36–106(e)(3), which grants the trial court authority to resentence defendant up to the maximum sentence provided for the offense committed, following revocation of defendant's community corrections sentence.

Defendant pleaded guilty to grand larceny on February 26, 1988. The trial court sentenced him as a Range I, standard offender, to a three year sentence. Thirty days of the sentence were to be served in the Obion County Jail and the remainder in the custody of West Tennessee Corrections, Inc. The behavioral contract employed in the corrections program required restitution, repayment of court costs, drug testing, employment, GED classes and also provided that defendant be confined to his home when not engaged in work, classes, or other activities specified by the program.

The defendant served the 30 days in the Obion County Jail and on March 4, 1988, he was transferred to the Community Correction Program. Some three months following his transfer, defendant violated several conditions of the program. On November 23, 1988, after a hearing, the trial judge revoked defendant's sentence. Following the revocation, the trial court resentenced the defendant as a Range I, standard offender, to serve four years in the Department of Correction. Defendant was given credit for the time served in the county jail and in the Community Correction Program.

Defendant insists that the "enlargement" of his sentence from three years in the West Tennessee Corrections Program to four years in the Department of Corrections violates state and federal guarantees against double jeopardy, and that a statute which permits such an enlargement is unconstitutional. We disagree.

■ The guarantee against double jeopardy arising out of the Fifth Amendment to the United States Constitution is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct.2056, 23 L.Ed.2d 707 (1969). The Tennessee Constitution also prohibits a person being twice put in jeopardy of life or limb for the same offense. Article 1, Section 10. The guarantee consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court set out several principles regarding double jeopardy rights as they pertain to sentencing. In *DiFrancesco,* the Court upheld a statutory provision which allows the government to appeal a sentence imposed upon a "dangerous special offender" and held that neither government appeal of the sentence nor increase of the sentence on appeal violates the double jeopardy clause. In upholding the statute's validity, the Court held that a "criminal sentence, once pronounced is [not] to be accorded constitutional finality on conclusiveness similar to that which attaches to a jury's verdict of acquittal." 449 U.S. at 132, 101 S.Ct. at 434–35. The Supreme Court indicated, rather, that a court must examine the defendant's legitimate expectation and the finality of his sentence including whether double jeopardy concerns are implicated on resentencing. *Id.* at 136–38, 101 S.Ct. at 437–38.

The Court further held that there is "no double jeopardy protection against revocation of probation and imposition of imprisonment," and thus concluded that a defendant does not have "the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 101 S.Ct. at 437. Applying these principles to the case before it, the Court held that DiFrancesco's "legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked." *Id. See also United States v. Kuck,* 573 F.2d 25 (10th Cir.1978), wherein the Court rejected the defendant's claim that additional imprisonment after parole revocation was multiple punishment for the same offense.

Since *DiFrancesco,* most courts have held that when expressly authorized by statute, an increase of sentence after violation of probation is not double jeopardy, since defendant is charged with knowledge that his sentence may be increased upon his failure to conform to the conditions of probation. *Williams v. Wainwright,* 650 F.2d 58 (5th Cir.1981); *State v. Payne,* 404 So.2d 1055 (Fla.1981); *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982); *State v. Jones,* 418 N.W.2d 782 (N.D.1988). *See generally,* Annot., 23 ALR 4th 883 (1983 and 1989 Supp.).

■ The Tennessee Community Corrections Act under which defendant was originally sentenced, was enacted in 1985. The primary purpose of the act was "to establish a policy within the State of Tennessee to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders;". As an aid in accomplishing this purpose, it is provided in T.C.A. § 40–36–106(e)(2) that:

In sentencing an eligible defendant to any community based alternative to incarceration, the [trial] court shall possess the power to set the duration of the sentence for the offense committed at any period of time up to the maximum sentence within the appropriate sentence range, and shall retain the authority to alter or amend at any time the length, terms or conditions of the sentence imposed.

T.C.A. § 40–36–106(e)(3) grants the trial judge the authority to resentence a defendant following a revocation of the original sentence.

The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant ..., and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community based alternative to incarceration.

The above statutes reflect the policy that the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society and allows the court to monitor the defendant's conduct while in the community corrections program. A defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed. This being so, the decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, the practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence to a community based alternative to incarceration was not effective. The defendant not being subjected to multiple punishments for the same offense, there is no violation of the guarantees against double jeopardy. *State v. Jones*, 418 N.W.2d 782 (N.D.1988).

The judgment of the trial court is affirmed. Costs incident to the appeal are adjudged against the defendant.

DROWOTA, C.J., and FONES, HARBISON, and O'BRIEN, JJ., concur.