IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2001

## STATE OF TENNESSEE v. PRESTON FISHER

### Direct Appeal from the Circuit Court for Chester County
### Nos. 99-023 and 98-023    Franklin Murchison and Roger A. Page, Judges

---

### No. W2000-00906-CCA-R3-CD  - Filed April 9, 2001

---

The defendant, Preston Fisher, was convicted of theft of property over $10,000.00. The trial court imposed a Range I, five-year sentence and required service of 120 days in jail, after which the defendant was to be placed upon intensive probation. Following a probation violation by his use of marijuana, the defendant was placed in a Community Corrections program which required one year of drug and alcohol treatment at the Synergy Foundation followed by four years of supervision. After the defendant failed to pursue treatment at Synergy, the trial court ordered that he serve his sentence in the Department of Correction. In this appeal of right, the defendant contends that the trial court erred by the revocation of the Community Corrections sentence. The judgment is affirmed.

### Tenn R. App. P. 3; Judgment of the Trial Court Affirmed.

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Vanessa D. King, Assistant Public Defender, Jackson, Tennessee, for the appellant, Preston Fisher.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Shaun A. Brown, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

On July 13, 1998, the defendant entered a guilty plea to one count of theft of property over $10,000.00. The trial court granted probation, which was later changed to Community Corrections supervision. On October 26, 1999, the defendant was charged with failure to complete drug treatment as required by the terms of his Community Corrections sentence. The trial judge entered an order of revocation and directed the defendant into the custody of the Department of Correction.

Shortly thereafter, the defendant filed a motion to reconsider based upon evidence that the director of the Synergy Foundation program had excused the defendant from participation. The trial court concluded that revocation was proper because the defendant failed to explain the requirement of his alternative sentence to the director of the program and because the defendant's decision to terminate his participation was unilateral.[1]

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he or she is entitled to be sentenced under the Act as a matter of law or right. See State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; and

(6) Persons who do not demonstrate a pattern of committing violent offenses. Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

---

[1] Judge Murchison entered the original order revoking the Community Corrections sentence on December 8, 1999. Judge Page, by interchange, denied the motion to reconsider on March 28, 2000.

Once a defendant violates the terms of his Community Corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4).

The authority to revoke a Community Corrections sentence is based upon the conduct of the defendant while under supervision. Tenn. Code Ann. § 40-36-106(e)(3). A trial judge's decision to revoke a defendant's release on Community Corrections should not be disturbed unless there is an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to find an abuse of discretion, it must appear that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions . . . occurred." Id.

The same principles applicable to a probation revocation are relevant to the revocation of Community Corrections. Id. at 83. The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e).

Here, the record consists of the transcripts of the Community Corrections revocation proceedings and the hearing on the motion to reconsider.[2] In the first proceeding, Amanda Wood, an officer with the Community Corrections program, testified that she had transported the defendant to the Synergy Foundation on September 1, 1999, and that he had returned to her office two days later. Ms. Woods stated that upon his return, she explained the requirements of the order and then administered a drug screen. The defendant acknowledged at that time that he had been using marijuana. The revocation proceeding took place some two and one-half months later. At that time, Judge Murchison revoked the defendant's Community Corrections sentence and ordered the defendant to the Department of Correction.

In his motion to reconsider, the defendant filed an affidavit claiming that the counselor at the Synergy Foundation told him that he did not require long-term treatment and that he could leave. The affidavit further provides as follows:

---

[2]The state argues that the issue had been waived for the failure to include the transcript of the original probation revocation proceeding. We disagree.

I had asked Mr. Connelly if he could give me a statement to give to my probation officer. He said that if I needed him to be here to go to Court that he would come.

At the hearing on the motion to reconsider, the defendant testified that he had the following conversation with Mr. Connelly before leaving the facility:

THE DEFENDANT: Well, I feel like I'm wasting my time and your time by being here because this place is for a year. It should . . . be used for somebody who got a serious drug addiction problem like crack or heroin or whatever.

MR. CONNELLY: [I]f . . . [you want] to leave, you [can] pack [your] stuff . . . and sign out, and they'll take [you] to the bus station and supply [you] with a bus ticket back home.

The defendant also stated that another reason he left was that he wasn't supposed to be admitted into the Synergy Foundation in the first place due to his "mental illness problems." The defendant testified that he should have been sent somewhere "that had a dual diagnosis place for me, somewhere where I could have got help for my mental problem and . . . my so-called drug addiction problem at the same time."

The trial court concluded that the defendant had no authority to leave the long-term drug treatment program. It concluded that the defendant had, in fact, violated the terms of the Community Corrections order by refusing to participate in the rehabilitation opportunity.

There was no abuse of discretion. The record demonstrates that the defendant had previously violated the terms of an order granting probation. At the probation revocation hearing, he requested drug treatment. When the court allowed the defendant that opportunity in the Community Corrections program, he chose not to participate, claiming he had no need for long-term treatment. In our view, the trial court had no other choice but to impose the Department of Correction sentence.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-