# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

April 16, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9803-CR-00145 |
| | ) | |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| EDWARD LORENZO SAMUELS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (THEFT OF PROPERTY) |

FOR THE APPELLANT:                           FOR THE APPELLEE:

**KARL DEAN**
District Public Defender

**JEFFREY A. DeVASHER**
Assistant Public Defender
(On Appeal)

**RALPH W. NEWMAN**
(Assistant Public Defender)
1202 Stahlman Building
Nashville, TN  37201
(At Hearing)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY BEHAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**VICTOR S. JOHNSON, III**
District Attorney General

**SHARON L. BROX**
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Edward Lorenzo Samuels, appeals as of right the Davidson County Criminal Court's revocation of his community corrections sentence. In this appeal, Defendant argues that the trial court arbitrarily determined that Defendant should receive the maximum sentence and that the court did not have the authority, or in the alternative, erred, in ordering his sentence to be served consecutively to an unrelated, previously-imposed sentence. After a careful review of the record, we affirm the judgment of the trial court.

Defendant pled guilty on December 10, 1996, to theft of property of the value of $1,000 or more but less than $10,000 in Division III of the Davidson County Criminal Court. See Tenn. Code Ann. § 39-14-103; 39-14-105(3). He was sentenced as a Range II Multiple Offender to six (6) years to be served concurrently with a previously imposed five-year sentence in an unrelated case for selling cocaine (Indictment number 96-B-674 in Division IV of the Davidson County Criminal Court). On July 17, 1997, Defendant filed a petition for a suspended sentence, and on October 17, 1997, the trial court placed Defendant on community corrections. In doing so, the court stated the following:

> [I]f I were to do this, one of the things holding over your head is I could almost guarantee you an eight-year sentence consecutive, if you were to violate this; do you understand what that means, because you've got a record that would justify it, if we had a sentencing hearing. No question about it.
>
> . . .
>
> I will tell you that I will remember this, and I want General Brox to write it down on her file that if you violate this, we will have a little sentencing hearing, and you are probably going to get eight years consecutive.

The trial court also ordered that Defendant reside in a halfway house for at least one (1) year upon his release from custody.

On January 23, 1998, a warrant was issued charging Defendant with violating the terms of his community corrections sentence. The warrant alleged that Defendant had failed to report for scheduled appointments and that he had been arrested for criminal trespassing.

At a hearing on March 6, 1998, the trial court found that Defendant had indeed violated the terms of his community corrections, and Defendant takes no real issue with that finding. It is clear that Defendant violated the terms of his sentence which allowed him to be released in the community. During the revocation hearing, the following exchange occurred:

> State: Judge, the last time we were here on his petition for suspended sentence, my note indicate [sic] that you told him if he violated, he was getting eight years consecutive to Division IV.
>
> Court: I probably told him that.
>
> Defendant: Yeah, you did.
>
> Court: So you are wanting seven, but you just want them concurrent?
>
> Defendant: Yes, ma'am.
>
> Court: Oh, okay. You are trying to renegotiate. Let me see the record.
>
> . . .
>
> State: And you remember sitting in here when this Judge suspended your sentence?
>
> Defendant: Yes, ma'am, I do.

State: And you remember her saying to you that if you got violated, you are going to get eight years consecutive to Division IV?

Defendant: Yes.

State: You remember that; don't you?

Defendant: Yes.

Following a resentencing hearing, the trial court revoked Defendant's community corrections sentence, increased the length of his sentence from six to eight years, and ordered the sentence to be served consecutively to the previously-imposed sentence (Indictment number 96-B-674). On this appeal, Defendant argues that the trial court arbitrarily revoked his community corrections sentence. He also argues that the trial court did not have the authority, after revoking the community corrections sentence, to restructure the sentence by ordering it to be served consecutively with the previously-imposed sentence from another court. In the alternative, Defendant argues that if the court had such authority, the trial judge erred or abused her discretion in so sentencing Defendant.

Defendant concedes that the trial court has the authority to resentence a defendant who violates the terms of a sentence in community corrections. Specifically, the statutory authority is as follows:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). However, when the trial court resentences the defendant to a sentence that exceeds the length of the original sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. See Tenn. Code Ann. § 40-35-209(a). Although an increase is permitted, the new sentence may not exceed the range of the original sentence. State v. Patty, 922 S.W.2d 102, 103 (Tenn. 1995).

In State v. Griffith, 787 S.W.2d 340 (Tenn. 1990), our supreme court rejected a double jeopardy challenge to the constitutionality of the above referenced statute. In Griffith, the court held as follows:

> The above statutes reflect the policy that the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society and allows the court to monitor the defendant's conduct while in the community corrections program. A defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed. This being so, the decision to resentence a defendant to a sentence greater than his original sentence does not subject the defendant to multiple punishments for the same offense; rather, the practice reflects the need to alter the defendant's sentence in light of the fact that the court's initial sentence to a community based alternative to incarceration was not effective. The defendant not being subjected to multiple punishments for the same offense, there is no violation of the guarantees against double jeopardy.

Id. at 342 (citation omitted).

This court has previously observed that the provisions of the resentencing statute do not permit the trial court to arbitrarily establish the length of the new sentence nor may the statute be used by trial courts for the sole and exclusive

purpose of punishing the accused for violating the provisions of a community corrections sentence. See State v. Timothy Lemont Wade, C.C.A. No. 01-C01-9303-CR-00092, Davidson County (Tenn. Crim. App., Nashville, Nov. 24, 1993). At the resentencing hearing, the trial court is to conduct the sentencing hearing and approach the sentencing of the defendant in the same manner as if the court were sentencing the defendant initially, except that the court may consider the fact that community corrections was not successful. See State v. Carl Steven McGill, C.C.A. No. 03C01-9409-CR-00345, Blount County (Tenn. Crim. App., Knoxville, Sept. 19, 1995). In other words, the trial court must state on the record its reasons for imposing a new sentence and must make specific findings of fact upon which application of the sentencing principles was based. See Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f)-(g).

When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the appellant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any

statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103 and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In sentencing Defendant, the trial court stated the following:

> All right, [Defendant], you are here before the [c]ourt on a Community Corrections violation. I have determined that, in fact, you have violated. The State has put on sufficient proof to indicate to me, and now the question I have is you were sentenced as a Range II offender. The range on this felony is then four to eight years. It's a Range II, D felony. The range is four to eight, and my issue is two; that is, what is the length of your sentence going to be, and the other is whether or not it is run concurrent or consecutive to the one in Division IV.
>
> I'm going to find the following enhancing factors in this case. One, that you have a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Looking at your record, [Defendant], you have so many prior convictions for misdemeanors and felonies, you are more than a Range II offender from what I can tell. I'm going to find that factor, based on your prior record, which I'm going to make an exhibit to this hearing.
>
> You have a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Also, this conviction, which is a felony, was committed while you were on probation in 95-A-571.
>
> I'm going to, therefore, sentence you to eight years and I'm giving those factors great weight.
>
> I find nothing to mitigate. I have looked at all of the mitigating factors that are listed in the statute. I'm considering the principles of sentencing, arguments, characteristics of the crime, and I sentence you to eight years.
>
> With regard to whether or not this should be consecutive or concurrent, I'm going to find that you are a professional criminal who has devoted your, who has knowingly devoted yourself to criminal acts as a major source of livelihood, and, two, you are an offender whose record of criminal activity is extensive.

>I also find that the aggregate term reasonably relates to the severity of the offenses, and it is necessary to protect the public from further serious conduct.
>
>Based on all of these things, you have been given more than one chance to do everything. You continue to violate the law, and then don't even follow through on your Community Corrections program; therefore, [Defendant], if you would stand.
>
>In IF-8702, I'm going to sentence you as a Range II offender to eight years as a multiple offender. That will have to be served in the Department of Corrections [sic] because I'm going to order that it be served consecutive to your case in Division IV, which was 96-B-674.

First, Defendant argues that the court's comment to Defendant that he was trying to "renegotiate" his sentence shows that the court had already decided it would sentence Defendant to the maximum before hearing the proof. However, we do not find that the trial court acted arbitrarily in increasing Defendant's sentence to the maximum within his range. As a Range II multiple offender convicted of a Class D felony, Defendant was eligible for a sentence of four to eight years. See Tenn. Code Ann. § 40-35-112(b)(4). Initially, Defendant was sentenced to six years, but following the revocation of community corrections for criminal trespassing and a failure to report to his corrections officer, Defendant was sentenced to eight years, the statutory maximum. The trial court specifically found three enhancement factors and no mitigating factors. Defendant obviously has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). Prior to the commission of the offenses herein, the Defendant had at least 17 prior convictions. Because it is obvious that some of these convictions arose from actions of the Defendant while he was on probation, it is clear that the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the

community. Tenn. Code Ann. § 40-35-114(8). Also, Defendant's felony conviction in this case was committed while he was on probation. Tenn. Code Ann. § 40-35-114(13)(c). The court gave great weight to the enhancement factors and increased the length of the sentence two years. Based on the foregoing, the trial court, despite its comments about increasing Defendant's sentence prior to the hearing, certainly did not act arbitrarily in imposing the maximum sentence.

Next, Defendant argues that the trial court did not have the authority "to change the sentence by ordering that it be served consecutively to an unrelated sentence in a different court when the original judgment provided for concurrent sentences." This Court has upheld the legality of a modification of concurrent sentences to consecutive sentences on multiple counts of the same case after revocation of a community corrections sentence. See McGill, C.C.A. No. 03C01-9409-CR-00345, slip op. at 3. While the imposition of consecutive sentences by a trial court may be erroneous because not warranted under the facts and sentencing laws, consecutive sentences for multiple convictions are not considered illegal sentences. Id. We conclude that any lawful sentence within the defendant's range which is justified by the facts, circumstances and sentencing laws and principles may be ordered by the trial court in resentencing a defendant after a community corrections sentence has been revoked. Id.

However, Defendant submits that the "fundamental concepts of justice" violated in State v. Patty, were violated in the case sub judice by the trial court modifying two unrelated sentences. 922 S.W.2d at 104. We disagree. In Patty, the supreme court pointed out that while Tennessee Code Annotated section 40-36-106(e)(4) permits the trial court to resentence a defendant to "any period of time up

to the maximum sentence provided by law for that offense," that section should be read in pari materia with the preceding section, 40-36-106(e)(2) which provides that a community corrections sentence shall be for "any period of time up to the maximum sentence within the appropriate sentence range." 922 S.W.2d at 104. In the instant case, although the statutes do not expressly allow a trial court, upon revocation of a community corrections sentence, to change the manner of service of the sentence in relation to a separate, unrelated case, nothing in the statutes expressly disallows it. Therefore, we find the trial court acted within its discretion in doing so.

Finally, Defendant argues that even if the trial court had the authority to order the consecutive sentences for unrelated convictions, that it nonetheless erred or abused its discretion in doing so. However, this record supports the trial court's finding that Defendant has established himself as a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. See Tenn. Code Ann. § 40-13-115(b)(1). We also conclude that the record supports the finding by the trial court that this Defendant is an offender whose record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(b)(2). The record further provides sufficient proof that Defendant's sentence is reasonably related to the severity of the offenses and is necessary to protect the public from further criminal acts. See State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). The effective sentence of thirteen (13) years for theft and for the sale of cocaine is also congruent with the general principles of sentencing. Accordingly, the consecutive sentences were properly imposed by the trial court.

Based on all the foregoing, the judgment of the trial court is affirmed.

-10-

_____

THOMAS T. WOODALL, Judge

CONCUR:

_____

DAVID H. WELLES, Judge

_____

JERRY L. SMITH, Judge