# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. RICKY D. GARDNER

### Appeal from the Circuit Court for Loudon County
### Nos. 2701, 2719, 2720A     E. Eugene Eblen, Judge

### No. E2000-02481-CCA-R3-CD
### October 1, 2001

The defendant, Ricky D. Gardner, was convicted of one count of vandalism over $500; one count of vandalism over $1,000; three counts of burglary; one count of burglary of a motor vehicle; three counts of theft over $1,000; two counts of theft under $500; and one count of theft over $500. The trial court imposed an effective six-year sentence to be served in a community corrections program. Later, the trial court revoked the alternative sentence and ordered the defendant to serve the balance of his sentence in the Department of Correction. In this appeal of right, the defendant argues that the trial court erred by ordering revocation. The judgments are affirmed.

### Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

William B. McKenzie, Decatur, Tennessee, for the appellant, Ricky D. Gardner.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1996, the defendant entered guilty pleas in three related cases to the following offenses:

| Offense | Sentence |
|---|---|
| Case No. 2701: | |
| Theft over $1,000 | 2 years |
| Vandalism over $500 | 1 year |

Case No. 2719:

| Burglary | 2 years |
| Theft over $500 | 1 year |

Case No. 2720A:

| Burglary | 4 years |
| Theft over $1,000 | 2 years |
| Theft under $500 | 11 months, 29 days |
| Vandalism over $1,000 | 2 years |
| Burglary of a Motor Vehicle | 1 year |
| Theft under $500 | 11 months, 29 days |
| Theft over $1,000 | 2 years |

The trial court imposed an effective sentence of six years, which the defendant does not dispute, to be served in a community corrections program.

In 1998, the defendant tested positive for marijuana. The state filed a community corrections violation warrant, alleging that the defendant had failed to report, failed to pay court costs and restitution, and failed to complete court-ordered community service. At the revocation hearing, Ralph Lamb, the defendant's community corrections supervisor, testified that the defendant did not report to the agency for approximately one and a half years. According to Lamb, the defendant had paid only $80 of the $1,053 in court costs and $120 of the $2,457.90 restitution and had completed just 76 of his required 300 hours of community service.

The defendant admitted violating the terms of his alternative sentence, including having smoked marijuana on two or three occasions, but argued that his circumstances had changed and that he should be given another chance to comply with the terms of his release. While the defendant acknowledged that he had fled to Arizona for five or six months to avoid being sent to jail for failure to comply with the terms of his alternative sentence, he contended that, because he was the sole provider for his new wife and nine-week-old son, he merited continuation in the community corrections program. The defendant explained that he had struggled with paying court costs and restitution because he was in arrears on child support. He disputed some of Lamb's calculations, claiming that he had paid additional sums through his employer. The defendant also contended that he absconded due, in part, to the advice of his employer to "lay low . . . [in order] to get caught up [in payments]."

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the

defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses.

Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Once a defendant violates the terms of his Community Corrections program, the trial court may revoke the sentence and impose a new one:

The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4).

The authority to revoke a Community Corrections sentence is based upon the conduct of the defendant while under supervision. See id. A trial judge's decision to revoke a defendant's release on Community Corrections should not be disturbed unless there is an abuse of discretion. State v.

<u>Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). In order to prevail under the abuse of discretion standard, the defendant must establish that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions . . . occurred." <u>Id.</u>

The same principles applicable to a probation revocation are relevant to the revocation of Community Corrections. <u>Id</u>. at 83. The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. <u>Stamps v. State</u>, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40- 35-311(e) (Supp. n 2000).

Here, the defendant admitted the alleged violations of his community corrections sentence. He acknowledged having left the jurisdiction in order to avoid arrest and having used illegal drugs in violation of the terms of his alternative sentence. These admissions, coupled with the testimony of Ralph Lamb, support the trial court's decision to revoke the defendant's alternative sentence. The trial court acted within its discretion.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE