IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

July 7, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9804-CC-00144 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| AMANDA MARKOWICZ, | * | (Revocation of Community Corrections Sentence) |
| Appellant. | * | |

For Appellant:

Gregory D. Smith, Attorney
One Public Square, Ste. 321
Clarksville, TN 37040
and
Mack Garner
District Public Defender
419 High Street
Maryville, TN 37804
(on appeal)

Edgar A. Wilder, Attorney
222 Ellis Avenue
Maryville, TN 37804
and
Richard L. Gann, II, Attorney
P.O. Box 6888
Maryville, TN 37802
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

Edward P. Bailey, Jr.
Assistant District Attorney General
Blount County Courthouse
363 Court Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Amanda Markowicz, appeals the trial court's revocation of a sentence under the community corrections program. The single issue presented for review is whether the trial court erred by revoking the community corrections sentence.

We affirm the judgment of the trial court.

On December 4, 1997, the defendant entered four guilty pleas for which she received the following concurrent sentences:

| | |
|---|---|
| Facilitation of aggravated burglary | Two years, Range I |
| Burglary | Two years, Range I |
| Theft over $500 | One year, Range I |
| Theft over $1,000 | Two years, Range I |

The trial court entered an alternative sentencing order which included a behavioral contract and conditions on the community corrections sentence. Included among the conditions was an acknowledgment of the authority of the trial court to revoke community corrections and to impose a maximum sentence. Tenn. Code Ann. § 40-36-106.

On February 25, 1998, a warrant was issued against the defendant for her failure to report to her supervisor and for her failure to perform the required amount of community service. At the revocation hearing, the defendant did not dispute her failure to report but did contend that marital difficulties with her husband and an incorrect telephone number had contributed to a breakdown in communications with her supervising officer, Patricia Ridings. The defendant also claimed that she had performed four hours of community service work in December

but conceded that she had otherwise failed to meet her responsibilities in that regard. At the conclusion of the hearing, the trial court revoked the community corrections sentence and, rather than imposing a prison term, ordered six months in jail after which the defendant would be permitted to reapply for community corrections.

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he or she is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for community corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Once a defendant violates the terms of his community corrections sentence, the trial court may revoke the sentence and impose a new sentence:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(3).

Trial courts have authority to revoke a community corrections sentence based upon the conduct of the defendant. Tenn. Code Ann. § 40-36-106(e)(3). A trial judge's decision to revoke a defendant's release on community corrections should not be disturbed unless there is an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to find an abuse of discretion, it must appear that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions ... occurred." Id.

The same principles applicable to a probation revocation are relevant to the revocation of community corrections. Id. at 83. The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d). Here, the trial court had a factual

4

basis to revoke the sentence because the defendant "just quit" in her performance of the terms and conditions of the alternative sentence. The trial court observed that the defendant had not taken advantage of the potential benefits of the program because she had made little effort to develop a positive relationship with her supervisor. Some consideration was given to a "halfway house" alternative which might have been available but was not ordered; however, the trial court chose a jail sentence. There is insufficient information in this record for this court to conclude that there was any abuse of discretion in the imposition of a six-month jail sentence rather than continuing participation in the community corrections program or placement in a different program with even greater restrictions on release. Because the trial court saw and heard the defendant firsthand and must be afforded reasonable discretion in the imposition of alternative sentences, this court cannot disagree.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Norma McGee Ogle, Judge


_____
Cornelia A. Clark, Special Judge