# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



**FILED**

**July 9, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C. C. A. # 02C01-9808-CC-00245 |
| Appellee, | * | OBION COUNTY |
| VS. | * | Chancellor Michael Maloan, Judge |
| **JOHN BUNCH,** | * | (Worthless Checks) |
| Appellant. | * | |

FOR THE APPELLANT:            FOR THE APPELLEE:

BRUCE CONLEY                  JOHN KNOX WALKUP
317 South Third Street        Attorney General and Reporter
P. O. Box 427
Union City, TN 38281          ELIZABETH T. RYAN
                             Assistant Attorney General
                             425 Fifth Avenue North
                             2d Floor, Cordell Hull Building
                             Nashville, TN  37243

                             THOMAS A. THOMAS
                             District Attorney General

                             JAMES T. CANNON
                             Assistant District Attorney General
                             P. O. Box 218
                             Union City, TN  38281-0218


OPINION FILED: _____


**AFFIRMED**


**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

After the defendant, John Bunch, pleaded guilty to two Class D worthless checks violations, the Obion County Circuit Court[1] sentenced him to fifteen days in the county jail, to four years in Community Corrections, and to pay $2519.15 restitution to the victim. At a subsequent hearing, the trial court imposed an additional fifteen days confinement and rescinded an order allowing the defendant to serve his incarceration on weekends. The defendant fled but reported to jail after the state promised to not prosecute him for that flight. The trial court imposed an additional ten days incarceration at a subsequent hearing. The defendant appeals, asserting that (1) the trial court improperly amended a final judgment; (2) the additional fifteen days of confinement violated double jeopardy; (3) the trial court should have set aside a sentencing order; (4) the additional fifteen days of confinement violated the agreement between the state and the defendant regarding prosecution for flight; and (5) the trial court should have dismissed certain pleadings. We AFFIRM the trial court's judgment.

## BACKGROUND

After the defendant pleaded guilty and received his sentence, he entered into a written Behavioral Contract Agreement with Westate Corrections Network regarding his Community Corrections obligations. The trial court later entered an ex parte order, requested by the defendant, allowing service of his fifteen days on consecutive weekends.

The state sought rescission of that ex parte order at a subsequent hearing on February 9, 1998, and developments at this proceeding indicated that the

---

[1] Judge William B. Acree, Jr., of the Obion County Circuit Court, recused himself because of his knowledge of the defendant's business dealings. After Chancellor Maloan accepted the defendant's guilty pleas, Judge Acree presided over the February 9, 1998 hearing. However, at the defendant's request, Judge Acree recused himself from the two subsequent hearings.

defendant had not complied with his sentence restrictions. On four consecutive weekends the defendant did not report to jail. The defendant explained that he had been making and installing signs for Community Corrections instead of reporting to jail. Apparently, unidentified persons also reported the defendant's violating his Community Corrections restrictions by attending basketball games and fair board meetings.

The trial court rescinded the ex parte order and amended the original judgment by adding fifteen days of jail time, with service to commence the following day. With five day's credit, the defendant would serve twenty-five consecutive days. Further, the trial court explicitly instructed the defendant that, absent public service in the presence of an appropriate officer, he was to be either at his home or at his place of business after his release from jail.

The defendant did not report to jail as ordered but rather fled, apparently to Memphis. The defendant reported to jail on or about March 2, 1998, after securing the state's promise not to prosecute him for his flight.

At a hearing on April 20, the defendant objected to certain pleadings. Westate apparently served the defendant a copy of a petition and a violation report in March, after the defendant had surrendered. On April 16, the defendant allegedly received an amended violation report. At the April 20 hearing, the defendant asserted that his counsel had located another filed petition, seeking revocation of the defendant's contract with Westate, at the courthouse.

The defendant also objected to the additional sentence imposed on February 9. The court granted an extension regarding the allegedly improper

pleadings but heard argument regarding the February 9 order for additional jail time.

At the April 20 hearing, David Hamblen,[2] the defendant's counsel at the February 9 hearing, testified that he did not appeal the extra fifteen days because he "thought things kinda got out of hand on the end of that hearing and the judge got mad, and [Hamblen] thought when he cooled down, we'd approach him and see if we couldn't get those extra fifteen days set aside." Hamblen did not pursue this matter because he "wasn't hired to" and because he could not locate the defendant.

Brian Petty, the Westate officer assigned to the defendant, opined that the defendant did not violate the program prior to February 9,[3] and he testified that he had not sought to revoke the defendant, to report him as a violator, or to increase his punishment prior to that date. The Chancellor held that the defendant did not file a timely appeal and dismissed the defendant's claim regarding the February 9 order for lack of jurisdiction to alter a final order.

On May 6, 1998, the trial court presided over a hearing regarding the pleadings and the alleged violation of an agreement with the state. Petty's testimony established several violations. The defendant's fleeing resulted in his disobeying the trial court's order to report to jail, his violating his house arrest, and his failure to report to Westate. His actions thus constituted at least three distinct violations.

---

[2] Hamblen represented the defendant at the February 9 hearing, and Mr. Bruce Conley represented the defendant in subsequent proceedings.

[3] However, at the February 9 hearing Petty acknowledged his receiving reports of the defendant's attending games and of the defendant's frequenting restaurants. Both actions violated the terms of his Community Correction.

At the May 6 hearing, the defendant testified that he was upset with the extra time imposed by the trial court on February 9. He further testified that he understood that the state's promise not to prosecute precluded his receiving any additional time because of his flight. The trial court took the matter under advisement and subsequently issued an order which first imposed an additional ten day sentence and then returned the defendant to Westate's supervision.

## ANALYSIS

This Court applies an abuse of discretion standard when reviewing appeals based on trial court's modification of a Community Corrections sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (An abuse of discretion standard applies to Community Corrections revocations, as in probation revocations, because of the analogous nature of the two sentencing alternatives.); State v. Cheakeater Johnson, No. 01C01-9308-CC-00285 (Tenn. Crim. App. filed July 21, 1994) ("[T]he standard of review is the same whether the trial judge actually revoked probation or simply modified the conditions."). Therefore, this Court will not disturb the trial court's judgment unless the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the Community Corrections restrictions has occurred. See Harkins, 811 S.W.2d at 82-83.

The defendant states that "[a]ll issues pertaining to [his] appeal are related to the trial court proceedings held to enforce the [allegedly] invalid order of February 9, 1998, which amended the judgment of December 9, 1997, and increased the period of confinement from fifteen to thirty days." The defendant asserts that this order was invalid because it was entered after the judgment of December 9, 1997, became final and because it was entered without notice to the defendant.

By statute, when a defendant is sentenced to Community Corrections, a sentencing court

> shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant . . . , and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). Further, a trial court retains "full jurisdiction over the manner of the defendant's sentence service." Tenn. Code Ann. § 40-35-212(c). An aggrieved defendant may appeal his sentencing within thirty days of its date of entry of the judgment. See Tenn. Code Ann. § 40-35-401(a); Tenn. R. App. P. 4. In criminal matters, this Court may waive the thirty-day limit "in the interests of justice." Tenn. R. App. P. 4(a). We agree with the trial court's finding that the defendant has waived his opportunity to appeal the order of February 9, 1998.

The judgment relevant to the February 9, 1998, hearing was entered February 12, 1998. The defendant had "no legitimate expectation of finality in the severity of [the] sentence." State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). The defendant did not appeal based on lack of notice but rather fled to Memphis for over a month, and the pertinent appeal was filed June 29, 1998. Such flight does not invoke our waiving the time limit "in the interests of justice." Further, the authority granted to the sentencing court by the General Assembly, regarding modifying a Community Corrections sentence, does not invoke double jeopardy concerns. See Griffith, 787 S.W.2d at 342. This issue is without merit.

The defendant alleges that the state violated its agreement, in that the defendant's surrender precluded the state from prosecuting him for his flight and

failure to appear. The defendant further asserts that "there is no indication that [he] was ever told that such a distinction [between prosecution for failing to appear and for extra days of incarceration imposed because of his flight] would be made." We agree with the trial court's finding that the imposed sentence was not a consequence of prosecution for the separate offense of failure to appear, see Tenn. Code Ann. § 39-16-609(a)(2), but rather a consequence of the defendant's multiple violations of his sentence restrictions. This issue is without merit.

Regarding the defendant's claim of improperly filed and served pleadings, the trial court granted an extension of time for preparation, after the defendant was fully aware of all charges and of all agreement violations. This issue is without merit.

## CONCLUSION

We AFFIRM the judgment below.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge