IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2017

## STATE OF TENNESSEE v. MICHAEL EUGENE RHODES, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2015-B-1330     Mark J. Fishburn, Judge**

_____

### No. M2016-02558-CCA-R3-CD

_____

The Defendant, Michael Eugene Rhodes, Jr., appeals the trial court's revocation of his community corrections sentence and resentencing him to ten years in the Department of Correction. On appeal, he argues that the trial court erred in revoking his community corrections sentence and in increasing his sentence to ten years. Following our review, we affirm the sentencing decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Michael Eugene Rhodes, Jr..

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Glenn R. Funk, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 2015, the Davidson County Grand Jury returned a two-count indictment against the Defendant, charging him with aggravated burglary in Count 1 and theft of property valued at $500 or less in Count 2. On January 13, 2016, the Defendant pled guilty to the lesser-included offense of attempted aggravated burglary, a Class D felony, in Count 1, with an agreed-upon sentence of eight years as a persistent offender and with the manner

of service to be determined by the trial court. Count 2 was dismissed. Subsequently, on March 21, 2016, the trial court ordered the Defendant to serve one year in confinement, with the remainder on community corrections, and to pay restitution to the victim.

On May 11, 2016, a community corrections violation warrant was issued based on the Defendant's testing positive for cocaine on April 28, 2016. Thereafter, an amended warrant was issued on May 26, 2016, based on the Defendant's failure to report to his case officer since May 9, 2016. A resentencing hearing was conducted on December 13, 2016, at which the Defendant's case officer and the Defendant testified. The Defendant's presentence report was admitted as an exhibit to the hearing.

Douglas Murphy, the Defendant's case officer with the Community Corrections Program in Davidson County, testified that the Defendant had conceded to the allegations contained in both warrants. In addition, the Defendant had failed to provide proof of employment, complete his community service work, pay his supervision fees or court costs, or make any restitution payments. Mr. Murphy said that the Defendant was released on April 14, 2016, and failed his drug test two weeks later on April 28.

The Defendant testified that he served the one-year part of his sentence and was released on April 14, 2016. He said that he tested positive for cocaine because he was "[b]eing selfish, thinking about [him]self." The Defendant admitted that he had stopped reporting to his case officer, explaining that he was working and trying to help his mother who suffered from congestive heart failure. He said that he began working at a Captain D's restaurant three days after he was released but could not provide a paystub to Mr. Murphy because he had not received a paycheck at the time of his arrest. The Defendant said that his case manager and his brother had called treatment programs on his behalf, but he did not have insurance and none of the programs would come to the jail to perform an assessment. The Defendant admitted that he knew where to make the restitution payments but had not paid any.

On cross-examination, the Defendant recalled telling the trial court at his first sentencing hearing that he "wouldn't be back, that [he] would change [his] life . . . [and] "wouldn't do [drugs] anymore." He also recalled the trial court's informing him that "if [he] came back[,] [the court] would send [him] to the penitentiary . . . [and] enhance [his] sentence] to 12 years." The Defendant admitted that it only took him eleven days to violate his community corrections sentence. The Defendant asked the trial court for help with his drug habit and said that most of his crimes were drug-related. He admitted that he had prior convictions for simple possession, possession of drug paraphernalia, and selling counterfeit drugs.

Upon questioning by the trial court, the Defendant admitted that he previously had been placed on probation four to five times but had never successfully completed any term of probation. He also admitted that he was on parole at the time of the offense in this case. Asked about his work history, the forty-two-year-old Defendant said that he had worked for "[m]aybe" ten years of his adult life and that he had been "locked up a lot."

At the conclusion of the hearing, the trial court revoked the Defendant's community corrections sentence and resentenced him as a Range III, persistent offender to ten years in the Department of Correction.

## ANALYSIS

The Defendant argues that the trial court abused its discretion in revoking his community corrections sentence and by imposing a ten-year sentence in confinement. The Defendant asserts that the trial court's reasoning for increasing his sentence to ten years was improper because "there were no allegations of new charges or of any other violations of the law." In light of the evidence presented, we find this argument without merit.

The primary purpose of the Community Corrections Act of 1985 is to "[e]stablish a policy within the state to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1). The program offers a flexible alternative beneficial to both the defendant and society. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990).

Revocation of a community corrections sentence occurs upon finding by a preponderance of the evidence that the defendant has violated the conditions of the agreement. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). "The judgment of a trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion." Id. For a reviewing court to find an abuse of discretion, it must be shown that the record contains no substantial evidence to support the trial judge's conclusion. Id.

When a defendant's community corrections sentence is revoked, the court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed . . . . The resentencing shall be conducted in compliance with § 40-35-210." Tenn. Code Ann. § 40-36-106(e)(4). A trial court is to consider the following

when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
>
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Id. § 40-35-210(b).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and the sentencing decision of the trial court will be upheld "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." State v. Bise, 380 S.W.3d 682, 709-10 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

At the resentencing hearing, the Defendant admitted that he had violated the conditions of his community corrections sentence by testing positive for cocaine, not reporting to his case officer, and failing to make restitution payments to the victim. Additionally, the Defendant's case officer testified that the Defendant had failed to provide proof of employment, complete his community service work, or pay his supervision fees, court costs, and restitution. Therefore, the record contains abundant

- 4 -

evidence showing that the Defendant violated the terms of his community corrections sentence.

As a Range III, persistent offender convicted of a Class D felony, the Defendant's range of punishment was eight to twelve years. Tenn. Code Ann. § 40-35-112(c)(4). In determining the length of the Defendant's sentence, the trial court applied two enhancement factors, the Defendant had a previous history criminal convictions or behavior in addition to those necessary to establish the appropriate range, and the Defendant committed the convicted offense while on parole, id. § 40-35-114(1), (13)(B), and one mitigating factor, the Defendant's conduct neither caused nor threatened serious bodily injury, id. § 40-35-113(1). The trial court noted that the Defendant had "an extremely lengthy criminal history that goes back into the early 90's and has gathered like a snowball, . . . as it rolls along, it just keeps getting bigger and bigger. The only thing that has slowed it down at all is the stints that he's had while incarcerated." The court found that the Defendant's previous history, which included five felony and numerous misdemeanor convictions, "in and of itself justifie[d] a sentence greater than the minimum of his range."

The trial court further noted that within eleven days of the Defendant's release from jail, "he was already engaging in criminal activity again by possessing and using cocaine." By his own admission, the Defendant previously had been placed on probation four to five times but never successfully completed it. Accordingly, we conclude that the trial court did not abuse its discretion by revoking the Defendant's community corrections sentence, increasing his sentence to ten years, or ordering that it be served in confinement.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE