IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

STATE OF TENNESSEE v. MARVIN L. JONES,
ALIAS AL AMIN HASSON

Appeal from the Criminal Court for Knox County
No. 70889     Ray L. Jenkins, Judge

No. E2002-02419-CCA-R3-CD
July 3, 2003

The defendant, Marvin L. Jones, appeals the trial court's revocation of a community corrections sentence. The single issue presented for review is whether the trial court abused its discretion. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Mark E. Stephens, District Public Defender, and Robert C. Edwards, Assistant District Public Defender, for the appellant, Marvin L. Jones.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Jo Helm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 22, 2000, the defendant entered a plea of guilt to a sale of over one-half gram of cocaine. On March 15, 2001, the trial court imposed an eight-year sentence, all of which was to be served in the Community Alternatives to Prisons Program (CAPP). As a condition of his participation in the program, the defendant was required to comply with all governmental laws, refrain from conduct inconsistent with good citizenship, pay the fine and costs, and otherwise abide by any terms and conditions required by the probation officer.

Less than two months after sentencing, the defendant was charged with violating the terms of his sentence by possessing or using a controlled substance, by fraternizing with other drug users and traffickers, and by failing to make a complete report to his probation officer. Although the warrant was eventually resolved without a sentence to the Department of Correction, the defendant

was required to reside in a halfway house and participate in a drug court program. On July 16, 2002, a second violation of probation warrant was issued. The defendant was charged with failing to obey state law, failing to make a full and truthful report to his probation officer, failing to report for supervision and participation in the community corrections and drug court programs, and contracting major debt without prior permission. Before the hearing, the warrant was amended to allege that the defendant had failed to complete his community service and failed to make payment of his community corrections fees.

At the hearing, Penny Hayes, the defendant's community corrections case manager, testified that the defendant was delinquent in his community service obligations and the fees associated with his community corrections sentence. She stated that the defendant had failed to report a speeding citation and had failed to seek permission to purchase a vehicle on credit. Ms. Hayes testified that the defendant, who she believed had been sober for more than one year during his supervised program, had nevertheless failed to report for one or more drug screens. The probation officer stated that she confronted the defendant when she learned that he had purchased a car and that he answered that he was unaware of his supervision requirements, explaining that he was on drugs at the time he signed the agreement. She acknowledged, however, that the defendant had not contracted any debt by the purchase of the vehicle. Ms. Hayes also acknowledged that although the defendant was some 36 hours behind in his community service responsibilities in June, he had made up all but 10 hours of his required service time by his arrest in July.

The defendant, who admitted a 25-year substance addiction, described drug court as very helpful. He contended that he was behind in community corrections fees only because he had been incarcerated as a result of the violation warrant. He testified that because the speeding citation cited by Ms. Hayes had been dismissed, he believed that he had no immediate obligation to report the incident. The defendant also testified that he had purchased the car with funds he had received in an insurance settlement and had not, therefore, obligated himself to any debt.

At the conclusion of the hearing, the trial court found that the defendant had violated both the laws of this state and certain of the conditions of his alternative sentence. After acknowledging that the defendant had "talked himself out of several . . . tight spots," the trial judge observed that he had "exhausted [his] patience" before revoking. The defendant was ordered to serve the sentence originally imposed.

In this appeal, the defendant argues that the trial court abused its discretionary authority because the state failed to present proof of his violating state law by speeding or proof of his untruthfulness in reports to his probation officer. While the defendant concedes that he was in arrears in community service, he contends that the evidence established that he had made considerable progress in reducing the deficiency. Although he acknowledges that he was behind in his payment of fees, the defendant contends that he was "catching up." He submits that he has made considerable progress through his participation in the drug court program by achieving the longest period of sobriety of his adult life.

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4).

In State v. Harkins, 811 S.W.2d 79 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. Harkins, 811 S.W.2d at 82. Relief can be granted only when the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001). The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).

Although the state alleged that the defendant had violated the terms of his community corrections sentence in a number of ways, the evidentiary hearing was limited. Most of the charges were unsubstantiated and yet the defendant acknowledged that he had not performed his community service obligations on a timely basis, as required, and that he had not paid a portion of the program fees despite his apparent ability to do so. There was no proof that the defendant had been speeding other than the acknowledgment of his arrest, a charge that was ultimately dismissed. The evidence that the defendant had not timely reported his arrest was disputed and the record does not indicate any particular guidelines in that regard. What is apparent is that the supervising officer was dissatisfied. The state was unable to establish that the defendant had incurred significant debt without prior approval. There was no proof that the defendant had either possessed alcohol or any controlled substance or had fraternized with those who trafficked illegal substances. Nevertheless, the purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103(1). Even though a defendant meets the minimum requirements for participation in a community corrections program, that does not mean that he or she is entitled to be sentenced under the Act as a matter of law or right. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Because the program is a "last chance," opportunity for those who would otherwise be incarcerated in a correctional institution, trial courts must be given

substantial discretionary authority in order to weigh legitimate societal aims against a potential benefit to the defendant.  <u>See</u> Tenn. Code Ann. § 40-36-106(a); <u>State v. Griffith</u>, 787 S.W.2d 340, 342 (Tenn. 1990).  This court, with its limited scope of review, cannot substitute its judgment for that of the trial judge even if our result might have been different.

This record establishes that one prior revocation warrant had been filed before the warrant at issue.  The trial court had granted some leniency in that instance and, even though the defendant had made progress during his time in the program, did not abuse its discretionary authority by entering an order of revocation on the second warrant.  As indicated, the defendant had failed to timely perform his community service obligations, had failed to pay the fees associated with participation in the program, had failed to appear for drug screens, and, according to some of the testimony, had demonstrated a resistance towards complete candor with his probation officer.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE