IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2013

## STATE OF TENNESSEE v. LEE WEAVER, JR.

**Appeal from the Circuit Court for Hardin County**
**No. 9533    C. Creed McGinley, Judge**

_____

**No.  W2012-00811-CCA-R3-CD  - Filed June 10, 2013**

_____

Appellant, Lee Weaver, Jr., was indicted by the Hardin County Grand Jury for one count of aggravated assault based upon an altercation with his wife which resulted in her broken arm; one count of felony evading arrest; one count of reckless endangerment; and one count of resisting arrest.  He entered a negotiated plea to the charges which resulted in an effective sentence of three years.  Appellant requested alternative sentencing.  After a hearing, the trial court denied his request.  On appeal, Appellant argues that the trial court erred in denying his request to serve his sentence in Community Corrections or in the alternative to some form of probation.  After a review of the record, we conclude: (1) that Appellant is not eligible for Community Corrections because he committed aggravated assault which is an offense against a person; and (2) that the trial court did not abuse its discretion in denying probation because it was necessary to avoid depreciating the seriousness of the offense.  Therefore, we affirm the judgments of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., Joined.

Guy T. Wilkinson, District Public Defender, Camden, Tennessee, for the appellant, Lee Weaver, Jr..

Robert E. Cooper, Jr., Attorney General and Reporter, Sophia S. Lee, Assistant Attorney General; Hansel McCadams, District Attorney General, and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On September 13, 2011, Appellant assaulted his wife with a baseball bat. As a result, her arm was broken in two places. After assaulting his wife, Appellant took his thirteen-year-old daughter with him in the car and fled the scene of the assault. When officers attempted a traffic stop of Appellant, he refused to stop. The officers pursued him with blue lights activated until they determined that Appellant's driving was so erratic and dangerous that further pursuit posed a public safety risk.

The next day Deputy Shawn Mutters, with the Hardin County Sheriff's Department, was called to assist the U.S. Marshals in capturing Appellant. Deputy Mutters located Appellant and attempted another traffic stop. Appellant refused to stop once again. Appellant drove in a very dangerous manner to escape Deputy Mutters. Finally, Appellant pulled his car into a Hardin County Sheriff's Department substation. The officers on hand ordered Appellant out of the car, but he refused and had to be forcibly removed from the vehicle. Appellant refused to get on the ground or place his hands behind his back. Appellant was taken to the ground and forcibly restrained.

The Hardin County Grand Jury indicted Appellant for one count of aggravated assault based upon the altercation with his wife which resulted in her broken arm; one count of felony evading arrest; one count of reckless endangerment; and one count of resisting arrest. On February 2, 2012, Appellant entered into a negotiated guilty plea on all counts. Pursuant to the negotiated plea, Appellant was sentenced to three years for aggravated assault, one year for evading arrest, one year for reckless endangerment, and six months for resisting arrest. The sentences were all to be served concurrently which resulted in an effective sentence of three years.

Appellant requested some form of alternative sentencing, but the trial court determined that Appellant was not deserving of such.

## **ANALYSIS**

Appellant argues that the trial court erred in denying his request for alternative sentencing because the State did not offer any evidence as to why he should not serve his sentence in Community Corrections and the State did not introduce any evidence to show that he should not receive probation.

Appellate review of sentencing is for abuse of discretion. We must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review is also applicable to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, in reviewing a trial court's denial of an alternative sentence, the applicable standard of review is abuse of discretion with a presumption of reasonableness so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." *Id.* The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

## Community Corrections

The Community Corrections Act of 1985 was designed to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." T.C.A. § 40-36-103(1). The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, however, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. *State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Pursuant to statute, offenders who satisfy the following minimum criteria are eligible for participation in a community corrections program:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug-or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses; and

(2) Persons who are sentenced to incarceration or are on escape at the time of consideration will not be eligible for punishment in the community.

A defendant is eligible for participation in community corrections if he is "convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5." T.C.A. § 40-36-106(a)(2) (emphasis added). Appellant herein was convicted of aggravated assault, which is a "crime against the person as provided in title 39, chapter 13, parts 1-5." *See* T.C.A. § 39-13-102. Appellant is, therefore, statutorily ineligible for community corrections; therefore, the trial court did not err in denying Appellant's request to serve his sentence in a Community Corrections program.

### Probation

With regard to probation, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . .

> A defendant who does not fall within this class of offenders:

> [A]nd who is an especially mitigated offender or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary . . . . A court shall consider, but is not bound by, this advisory sentencing guideline.

-4-

T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347.  For offenses committed on or after June 7, 2005, a defendant is eligible for probation if the sentence actually imposed is ten years or less.  *See* T.C.A. § 40-35-303(a).

All offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)).  Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C).  In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed."  T.C.A. § 40-35-103(5); *see also State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).  The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation.  *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

The trial court made the following findings:

> The Court noted with interest that apparently [Appellant] graduated from the police academy in Alabama. So he's got some background in law enforcement, which the Court will make further mention of in a moment.
>
> The Court read with particular interest a long detailed account concerning the victim, which essentially was put through fear that's beyond comprehension in this case.
>
> She was violently and physically assaulted with the baseball bat that resulted in significant injuries to the victim in this particular case. Apparently from which she still has not yet fully recovered.
>
> . . . .
>
> [I]t's deeply troubling concerning the facts and circumstances surrounding this particular offense.
>
> In this case the Court finds that the record overcomes the presumption for eligible alternative – presumptive eligible alternative sentencing.
>
> In this case the Court finds that the nature and circumstances surrounding this particular offense that confinement is necessary to avoid the depreciating and seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses.
>
> In this day and time it cannot be tolerated someone that instead of resorting to rule of law, that is to custody issues or things like that that takes the law into their own hands particularly someone that has a background in law enforcement.

In the case herein, Appellant pled guilty to a Class C felony. Appellant was entitled to consideration as a "favorable candidate" for alternative sentencing for his Class C felony conviction. T.C.A. § 40-35-102(6). The trial court denied an alternative sentence in order to "avoid depreciating the seriousness of the offense or [because] confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses." We

conclude that the trial court did not abuse its discretion in denying alternative sentencing for Appellant. The facts showed that Appellant broke his wife's arm with a baseball bat in a domestic dispute. Immediately after inflicting this injury he took his daughter and fled driving in a hazardous manner. This resulted in two separate police chases. The victim testified at sentencing that she her arm had not healed properly and required more care. She stated that she was afraid of Appellant. We conclude that the nature of the offense supports a denial of probation so as to avoid depreciation of its seriousness.

In addition, Appellant argues that the State did not present sufficient evidence to support the denial of alternative sentencing. However, on appeal, it becomes Appellant's burden to show how the sentence was inappropriate. The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also Ashby*, 823 S.W.2d at 169. Appellant has failed to carry that burden.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE

-7-