IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2014

**STATE OF TENNESSEE v. HERLANA BREWER**

**Appeal from the Criminal Court for Shelby County**
**Nos. 09-06663, 10-01394    James C. Beasley, Jr., Judge**

———————————————

**No. W2013-00682-CCA-R3-CD  -  Filed March 28, 2014**

———————————————

The Defendant, Herlana Brewer, challenges the trial court's revocation of her community corrections sentence, imposition of full incarceration, and increase to the length of her effective sentence.  Specifically, she contends that the trial court did not follow the requirements of Tennessee Code Annotated section 40-35-210 in revoking her community corrections sentence and improperly increased the length of her sentence on one of the offenses based upon her extensive criminal history and behavior.  Upon consideration of the record and applicable authorities, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Stephen C. Bush, District Public Defender; Cliff Ables and Barry W. Kuhn, Assistant Public Defenders, for the appellant, Herlana Brewer.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

The Defendant entered guilty pleas to the following felony offenses on June 14, 2010: identity theft (No. 09-06663), a Class D felony; identity theft (No. 10-01394), a Class D felony; theft of property valued between $1,000 and $10,000, a Class D felony; and burglary of a motor vehicle, a Class E felony.  Pursuant to the plea agreement, the Defendant was sentenced as a career offender to concurrent twelve-year sentences for the identity theft (No.

10-01394) and theft of property convictions; as a Range II offender to serve five years for the identity theft (No. 09-06663) conviction; and as a Range I offender to serve two years for the burglary of a motor vehicle conviction. Service of the five-year sentence was consecutive to that of the remaining sentences, resulting in an effective seventeen-year sentence to be served on community corrections. A petition to revoke the Defendant's community corrections sentence was issued on March 1, 2011, and an amended petition was submitted on January 24, 2013.[1] The following evidence was adduced at the February 6, 2013 hearing.

Ms. Meredith Muizers, the Defendant's community corrections supervisor, testified that she filed a violation warrant on the Defendant for the following reasons:

> [The Defendant] called Officer Muizers on September 1st, 2010, and she stated that she saw she had a warrant for her from FOX 13 on the "Most Wanted." [The Defendant] stated that was for a case she got in Mississippi prior to being placed on community corrections.

> [The Defendant] stated she would turn herself in but she needed to take care of some business first. She has not been seen or heard from since. A warrant was issued for being an absconder on March 1st, 2011.

> Since [the Defendant] is not reporting[,] . . . her case officer cannot monitor her special conditions as maintaining employment, paying restitution of $280 at $25 per month and paid in full by June 14th, 2012, [] classes by January 14, 2011, MRT classes by December 14, 2011, and curfew for the first year 8:00 P.M. to 8:00 A.M. unless [at] school or working.

> [The Defendant] never set up her escrow account for costs and fines on December 20th, 2010[. The Defendant] was arrested in Douglasville, Georgia for the charges of forgery first degree financial transaction, card fraud two counts, fleeing in attempt to [e]lude officer, [and] possession of marijuana less than an ounce first degree.

> Case No. 10-015438[, the Defendant] pled guilty to these charges and was given Georgia State probation for twelve months on August 22, 2011. On November 11th, 2011[, the Defendant] was arrested for an outstanding warrant for a violation of probation in Byron, Georgia. She violated her probation by failure to make payments as directed to Byron Municipal Court Probation, and failure to make reports as directed by Byron probation[. D]isposition on this

---

[1] There is no filed-stamped date on this document.

case is unknown.

The Defendant also testified at the hearing, and she did not dispute any of the allegations made by Ms. Muizers. The Defendant testified that she had a long criminal history and that she did not want to "go back on community corrections," explaining that she needed help for her addictions to Xanax, marijuana, and stealing. She further explained that she had "abuse problems" for the past seventeen to eighteen years. The Defendant stated that she knew her credibility was questionable because of her constant reoffending but insisted that she was serious about changing her life this time because she wanted to "break the chain" and set a positive example for her children. On cross-examination, the Defendant admitted that her drug addictions did not make her a thief, that she was addicted to stealing itself. Although she insisted that she did not commit the recent offenses in Georgia, claiming that she was with the "wrong people," she admitted that she ultimately pleaded guilty to those offenses. The Defendant also admitted that she had been given an alternative sentence to incarceration multiple times: community corrections in Tennessee and probation in both Georgia and Mississippi.

The trial court found that the Defendant had violated the conditions of her release and revoked her community corrections sentence. After considering the evidence in the record, the sentencing hearing, the presentence report, and the Defendant's record of prior felony convictions, the trial court found that the Defendant was a career offender and increased her original five-year sentence to eight years, the maximum, resulting in an effective twenty-year sentence. Further, the trial court found that the Defendant's extensive criminal history and criminal behavior necessitated the increase in the length of the Defendant's sentence, noting that she continued to commit theft-related crimes in this state as well as other states. The trial court also found that alternatives to incarceration had frequently and recently been applied to the Defendant unsuccessfully and that incarceration was necessary to avoid depreciating the seriousness of the offense and provide a general deterrent to others in order to protect society from the Defendant who had a long history of criminal activity.

The Defendant filed a timely notice of appeal to this court.

ANALYSIS

In this appeal, the Defendant contends that the trial court did not follow the requirements of Tennessee Code Annotated section 40-35-210 in revoking her community corrections sentence and improperly increased the length of her sentence on one of the offenses based upon her extensive criminal history and behavior. She requests that this court reinstate her community corrections sentence or remand for further proceedings. The State

responds that the trial court considered all of the requisite factors and properly revoked the Defendant's community corrections and that the trial court's imposition of a three-year increase to the Defendant's sentence was also proper because it conducted a new sentencing hearing and placed the requisite considerations and findings on the record. We agree with the State.

Generally, community corrections sentences are governed by the Tennessee Community Corrections Act of 1985. See Tenn. Code Ann. §§ 40-36-101 to -306. The Act provides as follows:

> The court shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (emphasis added). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. Id. §§ 40-35-311(e), -36-106(e)(3)(B); see also State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Harkins, 811 S.W.2d at 82. "Given the similar nature of a community corrections sentence and sentence of probation, the same principles are applicable in deciding whether a community corrections sentence revocation was proper." Id. at 83. "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). The credibility of witnesses is to be determined by the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Upon revoking community corrections, a trial court has the authority to order the appellant to serve the original sentence in confinement or, as emphasized above, "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed[.]" See Tenn. Code Ann. §§ 40-36-106(e)(4), 40-35-310, 40-35-311(e); Mitchell, 810 S.W.2d at 735. Our supreme court has previously stated that "the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society." State v. Griffith, 787 S.W.2d 340, 342

(Tenn. 1990). Further, a "defendant sentenced under the [Community Corrections Act] has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed." Id. However, if the trial court decides to increase a defendant's sentence beyond that originally imposed, it may only do so after conducting a new sentencing hearing. State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1998). The trial court may not arbitrarily increase the length of the sentence and must state on the record the reasons for the new sentence. State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); State v. Chester Carr Pearson, No. M2011-02241-CCA-R3-CD, 2012 WL 3834031, *4 (Tenn. Crim. App. Sept. 5, 2012). Akin to that of the original sentencing hearing, when an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Bise, 380 S.W.3d at 709-10.

As succinctly articulated by the State, the trial court properly revoked the Defendant's community corrections. Ms. Muizers testified that the Defendant failed to report for several months, despite the Defendant's contacting Ms. Muizers after seeing herself on "Most Wanted" and telling Ms. Muizers that she would report shortly. Ms. Muizers also testified, and the Defendant admitted, that the Defendant pleaded guilty to additional theft-related offenses in Georgia while she was on community corrections. This provided the trial court with sufficient bases to conclude that the Defendant had violated the conditions of her alternative sentence and to revoke that sentence. In declining to reinstate her to the community corrections program, the trial court found that alternatives to incarceration had frequently and recently been applied to the Defendant unsuccessfully. The trial court further found that incarceration was necessary to avoid depreciating the seriousness of the offense and provide a general deterrent to others and to protect society from the Defendant who had a long history of criminal activity, specifically crimes involving identity theft. Therefore, we conclude that the trial court's revocation of community corrections and order of incarceration was not in error.

Regarding the increased sentence, only after considering the evidence in the record, the Defendant's testimony at the hearing, and the arguments relative to the sentence did the trial court increase the Defendant's sentence by three years. This increase did not exceed the maximum sentence for the Defendant's offense. The trial court stated on the record the reasons for imposing a new sentence and considered all the requisite sentencing

considerations. See Ervin, 939 S.W.2d at 583 ("If the trial court opts to enhance the sentence, the court must state its reasons for imposing a new sentence on the record."). Specifically, the trial court considered the purposes and principles of sentencing and concluded that an eight-year sentence was appropriate due to the Defendant's extensive criminal history and criminal behavior, noting that the Defendant "continued to violate the laws of this state [and] several other states" and that her "consistent thread [wa]s thefts and identity thefts." Tennessee Code Annotated 40-35-210(e) supports the trial court's consideration of the Defendant's extensive criminal history and behavior to increase her sentence, and the record clearly supports the trial court's factual conclusion that the Defendant's criminal history and behavior were extensive. As previously noted, the record reflects, and Defendant admitted, that she had a long history of criminal conduct and that she pleaded guilty to theft-related charges in Georgia. Further, the Defendant also admitted that she was addicted to Xanax and marijuana, which supports the trial court's finding of criminal behavior. Therefore, we conclude that the trial court's within-range sentence was reasonable and that the trial court did not abuse its discretion in revoking the Defendant's community corrections and increasing her sentence.

## CONCLUSION

Based upon the foregoing, the judgments of the trial court are affirmed.


_____
D. KELLY THOMAS, JR., JUDGE